IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WILLIAM JOHN BERTSCH                                                                            PLAINTIFF

v.                                        Civil No.: 6:20-CV-06101

MAJOR ANDY RUE, *et. al.*                                                                      DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey three Court Orders and failure to prosecute this case.

### I.  BACKGROUND

Plaintiff filed his Complaint on September 15, 2020. (ECF No. 1). That same day, the Court entered an Order directing Plaintiff to file a completed *in forma pauperis* ("IFP") application and an amended Complaint by October 9, 2020. Plaintiff was also advised that he must inform the Court of any address change within 30 days of that change or his case would be dismissed. (ECF No. 3). When Plaintiff failed to file his Amended Complaint, the Court entered a Show Cause Order on November 2, 2020, directing Plaintiff to show cause for his failure to submit an Amended Complaint, and advising him that his case would be subject to dismissal if he failed to do so. (ECF No. 8). Neither of these Orders was returned as undeliverable.

On November 4, 2020, Plaintiff filed a notice of address change indicating a free-world address. (ECF No. 10). Pursuant to District policy, the Court entered an Order directing Plaintiff

1

to file an updated IFP application to determine if he was able to pay the balance of his filing fee. (ECF No. 11).  Plaintiff was again advised that his case would be dismissed if he failed to submit his IFP application by November 27, 2020.  (ECF No. 11).  On November 9th and 16th of 2020, mail sent to Plaintiff was returned as undeliverable.  To date, Plaintiff has failed to file any of the required documents and has failed to otherwise communicate with the Court.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2).  Plaintiff has failed to comply with three Court Orders.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local

Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **4th day of February 2021**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE